UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

ANDREW JACKSON,

    Plaintiff,

vs.

UNITED PARCEL SERVICES, INC.

    Defendant.

CASE NO.: 00-8571 CIV - HURLEY

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

CIV-MAGISTRATE

## VERIFIED COMPLAINT AND JURY DEMAND

Plaintiff, ANDREW JACKSON, by and through his undersigned attorneys, sues the Defendant, UNITED PARCEL SERVICES, INC., and alleges:

### INTRODUCTION

1. Plaintiff brings this action against UNITED PARCEL SERVICES, INC. [hereinafter "UPS"], under Title VII, Civil Rights Act of 1964, as amended.

### PARTIES

2. Plaintiff, ANDREW JACKSON, at all times material hereto, was a resident of Palm Beach County, residing in Palm Beach County, Florida and is otherwise sui juris.

3. Defendant, UPS, is a foreign corporation which is in the business of managing and operating a parcel delivery service in the state of Florida with an office for the transaction of its business and an agent or other representative in Palm Beach County, Florida and is otherwise sui juris.

///



## JURISDICTION & VENUE

4. The Jurisdiction of this Court is invoked pursuant to Title VII, U.S.C. Section 1343 and 42 U.S.C. Section 2000e.

5. Venue is proper pursuant to 28 U.S.C. Section 1331 as all the activities giving rise to the claims took place in Palm Beach County, Florida.

## FACTS

6. At all times material, UPS employs more than fifteen employees.

7. At all times material, UPS is an employer as defined within the meaning of the Title VII, Civil Rights Act of 1964, as amended.

8. At all times material, Plaintiff was an employee and/or agent of UPS.

10. At all times material, JACKSON is an African-American male.

11. As a African-American male, JACKSON belongs to a racial minority.

11. On or about April 20, 1988, Plaintiff JACKSON, was hired by UPS in a position as a part-time re-loader with the Defendant located in Martin County, Florida.

12. In 1990, Plaintiff transferred to UPS's Palm Beach County facility and continued working as a part-time re-loader.

13. Currently, Plaintiff is employed with the Defendant as a full-time delivery driver in UPS's West Palm Beach facility.

14. During the course of Plaintiff's employment with UPS, Plaintiff, JACKSON, began working as a part-time on-call air driver with UPS in its Palm Beach County, Florida location.

15. At all times material, Ralph Terrell was an agent, employee, or supervisor for UPS.

16. At all times material, Ralph Terrell was Plaintiff's supervisor.

17. At all times material, Ralph Terrell was the representative of the Defendant.

18. At all times material, Ralph Terrell is a white male.

19. At all times material, Jeff Whitney was an agent, employee, or supervisor for UPS.

20. At all times material, Jeff Whitney was Plaintiff's supervisor.

21. At all times material, Jeff Whitney was the representative of the Defendant.

22. At all times material, Jeff Whitney is a white male.

23. At all times material, Tom Peeler was an agent, employee, or supervisor for UPS.

24. At all times material, Tom Peeler was Plaintiff's supervisor.

25. At all times material, Tom Peeler was the representative of the Defendant.

26. At all times material, Tom Peeler is a white male.

27. At all times material, Gary Allen was an agent, employee, or supervisor for UPS.

28. At all times material, Gary Allen was Plaintiff's supervisor.

29. At all times material, Gary Allen was the representative of the Defendant.

30. At all times material, Steve Rowe was an agent, employee, or supervisor for UPS.

31. At all times material, Steve Rowe was the representative of the Defendant.

32. At all times material, Steve Rowe is a white male.

33. At all times material, Ed Gill was an agent, employee, or supervisor for UPS.

34. At all times material, Ed Gill was Plaintiff's supervisor.

35. At all times material, Ed Gill was the representative of the Defendant.

36. At all times material, Ed Gill is a white male.

37. At all times material, Alden Hawkes was an agent, employee, or supervisor for UPS.

38. At all times material, Alden Hawkes was the representative of the Defendant.

39. At all times material, Dave Kolassa was an agent, employee, or supervisor for UPS.

40. At all times material, Dave Kolassa was Plaintiff's supervisor.

41. At all times material, Dave Kolassa was the representative of the Defendant.

42. At all times material, Dave Kolassa is a white male.

43. At all times material, Mary Sue Allen was an agent, employee, or supervisor for UPS.

44. At all times material, Mary Sue Allen was the representative of the Defendant.

45. At all times material, Mary Sue Allen is a white female.

46. At all times material, Bob Storey was an agent, employee, or supervisor for UPS.

47. At all times material, Bob Storey was Plaintiff's supervisor.

48. At all times material, Bob Storey was the representative of the Defendant.

49. At all times material, Bob Storey is a white male.

50. Plaintiff has filed a timely charge of race discrimination with the E.E.O.C. and has met all administrative prerequisites for the bringing of this action. [See Exhibit "A"].

51. The E.E.O.C. has issued a dismissal and Notice of Right To Sue dated April 12, 2000, which Plaintiff received within 90 days prior to the filing of this lawsuit. [See Exhibit "B"].

52. All conditions precedent to the filing of this lawsuit have been satisfied.

53. UPS has an internal policy that an employee submit a Letter of Intent advising UPS that said employee desires a management position with UPS.

54. During the course of Plaintiff's employment with UPS, Plaintiff provided several Letters of Intent to UPS advising of his intent to be promoted into UPS management.

55. Plaintiff submitted at least four (4) Letters of Intent with the Defendant dated May 11,

*4*

1990, July 17, 1995, October 17, 1997, and May 17, 1999. [See Exhibits "C-F2"].

56. The Letters of Intent provided by JACKSON were for the purpose of applying for a management position.

57. During the period when JACKSON submitted his Letters of Intent, the Defendant was seeking management positions.

58. Despite submissions of said Letters of Intent, Plaintiff was not provided management promotional opportunities despite his length of seniority, experience and/or service with UPS.

59. In addition to JACKSON providing said Letters of Intent, JACKSON otherwise orally advised management and made management well aware of his intent to be promoted into UPS management.

60. Although JACKSON provided said Letters of Intent, and otherwise orally made his management intent well-known to UPS management, the vacant management positions remained open and UPS continued to seek applications from persons of JACKSON's qualifications, or lesser qualifications.

61. During the course of Plaintiff's employment with UPS, other white male employees were promoted over Plaintiff despite that Plaintiff had more seniority, experience, and/or service than those promoted.

62. The Defendant has a policy that no management positions are ever posted for employee review or notice.

63. As a result of said policy, it was customary for management to approach non-management employees and ask said non-management employees whether they were interested in a vacant management position. That approach would take place

despite that said non-management employee failed to provide UPS with any Letters of Intent.

64. The informal policy as described in Paragraph 63 was done when said vacant management positions were not posted and generally unknown to the approached non-management employee.

65. Despite UPS's internal policy that an employee submit a Letter of Intent for promotions, UPS had a secretive selection process whereby management would offer a non-posted, vacant management position to other UPS employees, despite that said employee had not yet submitted a Letter of Intent.

66. UPS management, aware that UPS policy provides that an employee submit a Letter of Intent, routinely circumvented that policy by requesting UPS employees to submit a Letter of Intent for vacant management positions after said employee was offered said management position.

67. As of 1996, none of the thirty-seven (37) West Palm Beach managers were African-Americans.

68. UPS has caused the exclusion of African-American applicants for management promotions because of their race.

69. During the course of Plaintiff's employment with UPS, Plaintiff was also disciplined differently and more harshly than white employees by UPS agents, employees and/or representatives for same or similar internal violations by white UPS employees.

70. UPS permitted a pattern and practice of unlawful racial discrimination by subjecting the Plaintiff JACKSON to disparate impact due to his race, in violation of Title VII,

Civil Rights Act of 1964.

71. UPS permitted a pattern and practice of unlawful racial discrimination by subjecting the Plaintiff JACKSON to disparate treatment due to his race, in violation of Title VII, Civil Rights Act of 1964.

72. At all times relevant, JACKSON's job performance was more than satisfactory

73. Plaintiff has suffered damages as a result of UPS's conduct, by and through its agents, employees and/or representatives.

WHEREFORE, Plaintiff prays that judgment be entered in his favor and against Defendant as follows: That Plaintiff be awarded general and compensatory damages in the amount of $300,000.00, excluding prejudgment interest; that Plaintiff be provided the requested management position; that Plaintiff be awarded reasonable attorneys' fees and costs of suit pursuant to section 706(k) of Title VII, 42 U.S.C. 2000e; that Plaintiff be awarded such other and further relief as the Court deems just and proper. Plaintiff further demands trial by jury.

DATED this 26 day of June 2000.

Respectfully Submitted,

_____
STACY STROLLA, ESQ.
Florida Bar No. 0044954

STROLLA & SCOTT, P.A.
319 Clematis Street, Suite 801
West Palm Beach, FL 33401
Attorneys for Plaintiff
Phone:(561) 802-3132
Fax:   (561) 802-3121

_____
ANDREW JACKSON

7

# CHARGE OF DISCRIMINATION

DATE FILED: 05/13/99

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

AGENCY: [X] FEPA  [X] EEOC

CHARGE NUMBER: 99-05-0219 / 15M990219

Florida Commission on Human Relations and EEOC
*State or local Agency, if any*

| | |
|---|---|
| NAME (Indicate Mr., Ms., Mrs.) Mr. Andrew Jackson | HOME TELEPHONE (Include Area Code) c/o 561/802-3132 |
| STREET ADDRESS / CITY, STATE AND ZIP CODE: 1500 NW 4th Avenue #305 Boca Raton, FL 33432 | DATE OF BIRTH: 2/18/70 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE |
|---|---|---|
| Untied Parcel Service, Inc. | 15+ | unknown |
| STREET ADDRESS / CITY, STATE AND ZIP CODE: Corporate address: 55 Glenlake Parkway NE Atlanta, GA 30328 | | COUNTY: Unk |
| NAME: United Parcel Service, 33404 | | TELEPHONE: 561/840-7041 |
| STREET ADDRESS / CITY, STATE AND ZIP CODE: Inc. 2001 Avenue P   Riviera Beach, FL 33404 | | COUNTY: Palm Beach |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es)):
[X] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] AGE
[ ] RETALIATION  [ ] NATIONAL ORIGIN  [ ] DISABILITY  [ ] OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA)   LATEST (ALL): 1990
[X] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

This race discrimination charge is filed on behalf of myself, Andrew Jackson, and all other similarly situated. Like other African-American employees of UPS, I have been harmed by a continuing pattern and practice or policy of race discrimination in violation of Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act, Florida Statutes §760 with respect to promotions, compensation, evaluations, job assignments, training, and other conditions of employment with UPS. In particular, I have been passed over for promotions and raises that have been provided to less qualified and less senior white employees, been assigned more difficult routes, and assigned routes that are designed to have the driver not be able to complete pickups in the time afforded. I have also been unfairly subjected to discipline for conduct that other male drivers have engaged in but have not been subjected to similar discipline.

EXHIBIT 1

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

Date May 12, 1999   Charging Party (Signature)

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) 12/05/99

OFFICIAL NOTARY SEAL
CHERYL YNN KLOO
NOTARY PUBLIC STATE OF FLORIDA
COMMISSION NO. CC664603
MY COMMISSION EXP. JULY 16, 2001

EEOC FORM 5 (Test 10/94)

U.S. Equal Employment Opportunity Commission
## DISMISSAL AND NOTICE OF RIGHTS

| To: | From: |
|---|---|
| Mr. Andrew Jackson<br>1500 N. W. 4th Avenue #305<br>Boca Raton, Fl. 33432-1565<br>[ ] On behalf of a person aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a)) | Miami District Office<br>Equal Employment Opportunity Commission<br>One Biscayne Tower, Suite 2700<br>2 South Biscayne Boulevard<br>Miami, Florida 33131-1805 |

| Charge Number | EEOC Representative | Telephone No. |
|---|---|---|
| 15M990219 | Mellanese Jones, Supervisor | (305) 530-6036 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] We cannot investigate your charge because it was not filed within the time limit required by law.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You had 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state) _____

## -- NOTICE OF SUIT RIGHTS --
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may pursue this matter further by bringing suit in federal or state court against the respondent(s) named in the charge. If you decide to sue, you must sue **WITHIN 90 DAYS** from your receipt of this Notice. Otherwise your right to sue based on the above-numbered charge will be lost.

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. (If you file suit, please send a copy of your court complaint to this office.)

On behalf of the Commission

APR 12 2000
*(Date Mailed)*

Federico Costales, District Director

| icy Strolla, Esq. | Michael F. McAuhffe, Esq. |
| olla & Scott, P.A. | Holland & Knight, LLP |
| ) S. Olive Avenue, Suite 303 | 625 North Flagler Drive, Suite 700. |
| :st Palm Beach, FL 33401 | West Palm Beach, FL 33401 |

EXHIBIT B

May 11,1990

1615 SE Ocean Lane
Port St. Lucie, Fl. 34983

Mr Jim Zandlo
District Manager
United Parcel Service
6001 E 8th Avenue
Hialeah, Fl. 33013


Dear Mr. Zandlo:

United Parcel Service is most often heralded for its reputation for offering exemplary levels of service and quality with great efficiency.  However, United Parcel Service can simultaneously be proud of its record for offering ambitious college students an excellent opportunity for employment during the course of their studies.  As a result, it has proven to be a mutually successful relationship.

I know, however, that even at a Corporation like United Parcel Service, increasing efficiency, improving quality, and motivating employees are constant goals.  I beleive my educational background, my experience, and my ability to relate to the younger employees could be put to good advantage.

In late June I expect to receive my A.A. degree with a Business Administration speciality from Indian River Community College.  Courses I have taken include - Accounting, Economics, Data Processing, Speech, Communications, Business Law and Computer Programming.  I plan to continue my study at Florida Atlantic University this fall.

While currently working for United Parcel Service's Stuart Reload operation for over two years, my duties have included parcel handling and assorted car wash tasks.  I believe I work well with people.  Due to my seniority, I am often in a position to assist in the training of new personnel.

I firmly believe that younger employees are more successfully motivated by supervisors with their age group.  It encourates them to better themselves with hard work and education for the benefit of themselves and the corporation.

I would like to be considered for obtaining a part-time Reload Supervisory position in either the Deerfield, Boynton or the new, unopened West Palm Beach Center.  I feel that I am ready to accept a new challenge and greater responsibility.

Please let me know when we can meet for an interview.  I can arrange to come to your location at your convenience.  You can reach me or leave a message on my answering machine at (407) 879-9830.

Hoping to hear from you soon.

Sincerely,


Andrew M. Jackson



EXHIBIT C

# Andrew M. Jackson

July 17, 1995

Alden Hawkes
District Customer Service Manager
United Parcel Service
Deerfield Beach, Florida

Dear Mr. Hawkes

If you'll recall, I contacted you during peak and we briefly discussed my interest in furthering my career within United Parcel Service. Mr. Michael Chambers at Florida Atlantic University suggested that I contact you directly.

My career status is currently in the process of change. I have enjoyed working for United Parcel Service for the past seven years. However, while completing my education during that time, I've reached the conclusion that I'd be able to contribute at a higher level - and on a more significant scale - in an environment offering an opportunity to apply my skills.

My objective now is to expand my contacts within the company and open the door to more potential opportunities. I would greatly appreciate any consideration for a position within Customer Service. I've enclosed my resume to give you a better sense of my qualifications. If you do not have any positions available at this time, I ask that you would please do two things on my behalf.

First, I ask that you would consider seeing me at your convenience within the next week. Though you may not have a position available for me, you may be able to assist me in other ways. And, of course, I would appreciate any consideration for future openings in your department.

Second, you may know of others in the company who have openings now or may possibly have them in the future. I am especially interested in the Customer Service or Accounting and Finance departments of the company.

While I realize this is an unusual request and that you are quite busy, I would appreciate any assistance you can give me in my search for a new career within United Parcel Service.

I will contact you this week to arrange a time that is good for us both. Please feel free to contact me at any time regarding this matter.

Sincerely,

Andrew M. Jackson

**1500 NW 4th Ave. # 305 • Boca Raton, Fl 33432 • 407-362 0533**

EXHIBIT D

**Andrew M. Jackson**
1500 NW 4th Avenue #305
Boca Raton, FL 33432-1565
Home Phone (561)-362-0533

October 30, 1997

Mr. Tom Peeler
United Parcel Service
Business Manager
Riviera Beach, Florida

Dear Tom,

My career status is currently in the process of change. I have enjoyed working for United Parcel Service for the past 9 years. However, while completing my education during that time, I've reached the conclusion that I'd be able to contribute at a higher level-and on a more significant scale- in an environment offering an opportunity to apply my skills.

My objective now is to expand my contacts within the company and open the door to more potential opportunities. I would greatly appreciate any consideration for a full-time position within Customer Service. I've enclosed my resume to give you a better sense of my qualifications. I believe the Customer Service department will play a valuable role in restoring consumer confidence and securing our company's future success in a now heightened competive market . I believe that I am well-suited for the task of redoubling our company's efforts and face these new challenges and I am confident in my qualifications, experience and solid work history.

I look forward to hearing from you soon, please feel free to discuss this matter with me at any time.Thank you for your time and consideration.

Sincerely,

Andrew M. Jackson
West Palm Beach Metro

EXHIBIT E

To: Dave Rolassa, District Manager
Fr: Andrew M. Jackson, WPB OCA driver
Re: Letter of Intent Update, Handwritten Resubmission
Dt: May 17, 1999

I have worked for United Parcel Service for the past 11 years. While completing my education during that time, I've reached the conclusion that I'd be able to contribute at a higher level - and on a more significant scale - in an environment offering an opportunity to apply my skills.

This letter of intent is intended to update my file and restate my request of consideration for future promotional opportunities within United Parcel Service. To reiterate, I am particularly interested in the Business Development (Customer Service) function of the company.

I look forward to hearing from you soon, please feel free to discuss this matter with me at any time. Thank you for your time and consideration.

EXHIBIT F1

Andrew M. Jackson<br>
1500 NW 4th Avenue #305<br>
Boca Raton, FL 33432-1565<br>
Home Phone (561)-362-0533

Dave Kolassa<br>
District Manager<br>
United Parcel Service<br>
Riviera Beach, Florida

Dear Sir,

I have worked for United Parcel Service for the past 11 years. While completing my education during that time, I've reached the conclusion that I'd be able to contribute at a higher level-and on a more significant scale- in an environment offering an opportunity to apply my skills.

This letter of intent is intended to update my file and restate my request of consideration for future promotional opportunities within United Parcel Service. To reiterate, I am particularly interested in the Business Development (Customer Service) function of the company.

I look forward to hearing from you soon, please feel free to discuss this matter with me at any time. Thank you for your time and consideration.

Sincerely,

*[signature]*

Andrew M. Jackson<br>
West Palm Beach Metro

CC: Steve Rowe, Human Resources Specialist<br>
     Alden Hawkes, Business Development Manager

EXHIBIT F2

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**  
ANDREW JACKSON

**DEFENDANTS**  
UNITED PARCEL SERVICES, INC.

00-8571
CIV - HURLEY
FRANK J. LYNCH, JR
UNITED STATES MAGISTRATE JUDGE

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** PALM BEACH  
(EXCEPT IN U.S. PLAINTIFF CASES)

AWPB/00-8571-CV-DTKH/Lynch

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT FOREIGN  
(IN U.S. PLAINTIFF CASES ONLY)  
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS** (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)  
STROLLA & SCOTT, P.A.  
319 CLEMATIS STREET # 801  
WEST PALM BEACH, FL 33401  
#(561) 802-3.32

ATTORNEYS (IF KNOWN)

**(d) CIRCLE COUNTY WHERE ACTION AROSE:** DADE, MONROE, BROWARD, (PALM BEACH), MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

| II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY) | III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only) | | | | |
|---|---|---|---|---|---|
| | | PTF | DEF | | PTF DEF |
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) | Citizen of This State ☒ 1 ☐ 1 | | Incorporated or Principal Place of Business In This State | ☐ 4 ☐ 4 |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State ☐ 2 ☐ 2 | | Incorporated and Principal Place of Business In Another State | ☐ 5 ☒ 5 |
| | | Citizen or Subject of a Foreign Country ☐ 3 ☐ 3 | | Foreign Nation | ☐ 6 ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)  
☒ Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | **PERSONAL PROPERTY** | B☐ 640 R R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | B☐ 690 Other | **A LABOR** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt Relations | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | A☐ 791 Empl Ret Inc Security Act | A☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights — Title VII | B☐ 540 Mandamus & Other | | A☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Title VII, USC §1343 Race Discrimination; disparate treatment + disparate impact

**LENGTH OF TRIAL**  
via ___ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23  
**DEMAND $** 300,000  
CHECK YES only if demanded in complaint:  
**JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

**DATE** 6-27-00  
**SIGNATURE OF ATTORNEY OF RECORD** [signature]

**FOR OFFICE USE ONLY**  
RECEIPT # 71232 AMOUNT 150.00 APPLYING IFP ___ JUDGE Hurley MAG. JUDGE Lynch